**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  **Criminal Action No. 3:00-CR-27**
                                                        **(BAILEY)**

**MICHAEL EUGENE JONES**,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION FOR REDUCED SENTENCE**
**PURSUANT TO 18 U.S.C. § 3582(c)**

Pending before this Court is Petitioner's Motion for Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c) and § 1B1.10 of the Federal Sentencing Guidelines (Doc. 419). In his motion, the defendant seeks a sentence reduction as provided by the amendments to the Sentencing Guidelines. This Court will grant a reduction in sentence consistent with the Sentencing Guidelines. This Court will deny the motion insofar as it seeks other relief.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements

1

issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Dunphy**, 551 F.3d 247 (4th Cir. 2009). "In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10. See **Dillon v. United States**, 130 S.Ct. 2683 (2010).

In determining to grant the sentence reduction, this Court has considered the factors set forth in 18 U.S.C. § 3553(a) to determine (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

This Court has also considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

The original sentencing judge found a base offense level of 38, less two levels for "safety valve", plus two levels for obstruction of justice, for a total offense level of 38. With a criminal history category of I, the guidelines provided a sentencing range of 235-293 months. The Judge sentenced the defendant to a sentence of 240 months on each of the six counts, to run concurrently.

Under the retroactive 2007 crack guideline amendments, the defendant's base

offense level was 36, less two levels for "safety valve", plus two levels for obstruction of justice, resulting in a total offense level of 36. With a criminal history category of I, the guideline range was 188-235 months. Accordingly, this Court reduced the defendant's sentence to 192 months.

Under the Fair Sentencing Act of 2010, this Court must review the relevant conduct attributable to this defendant. In this case, the sentencing judge found the relevant conduct was more than 1.5 but less than 5.9 kg of cocaine base. Given the fact that the defendant had a criminal history category of I, this Court will give the defendant the benefit of the doubt and consider the relevant conduct to be at least 1.5 kilograms but less than 2.8 kilograms. Using the 2010 cocaine base guidelines found at U.S.S.G. § 2D1.1, the base offense level is 34, less two levels for "safety valve", plus two levels for obstruction of justice, resulting in a total offense level of 34. With a criminal history category of I, the guideline range is 151-188 months. Accordingly, this Court will reduce the defendant's sentence to 155 months or time served, whichever is greater.

All other provisions of the original sentence shall remain in effect.

For the reasons stated above, the Petitioner's Motion for Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c) and § 1B1.10 of the Federal Sentencing Guidelines (Doc. 419) is **GRANTED IN PART AND DENIED IN PART**. The defendant shall be re-sentenced to a term of 155 months.[1] The defendant's request for further relief is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record

---

[1] A separate Order is filed herewith.

herein and to mail a copy to the *pro se* petitioner.

**DATED:** December 13, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE